UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STANLEY D.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. C20-6060-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of his application for a Period of Disability, Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1973, has at least a high school education, and previously worked as an electrician apprentice and a research assistant. AR 60. Plaintiff was last gainfully employed on January 31, 2015. AR 54.

On May 9, 2018, Plaintiff applied for benefits, alleging disability as January 31, 2015. AR 52. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. After the ALJ conducted a hearing on August 22, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 49-67. On September 24, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 32-37. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since January 31, 2015.

**Step two**: Plaintiff has the following severe impairments: bilateral hearing loss, major depressive disorder, and generalized anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels subject to a series of nonexertional limitations.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 54-62.

//

//

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

Plaintiff argues the ALJ erred by misevaluating the medical evidence and by discounting his testimony. Plaintiff also argues evidence submitted to the Appeals Council undermines the ALJ's decision. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Evidence

In assessing Plaintiff's May 2018 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the Ninth Circuit. *See* Dkt. 23 at 7-10. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

//

//

//

       *1. Peter Weiss, Ph.D., Myrna Palasi, M.D., and James Mills, LMHC*

  Dr. Weiss examined Plaintiff on May 16, 2018, assessed Plaintiff had "Major Depressive Disorder, Recurrent, Severe, With Psychotic Features," and opined Plaintiff had severe limitations performing activities within a schedule, maintaining regular attendance, being punctual without customary tolerances without special supervision, and completely a normal workday and work week without interruptions from psychologically-based symptoms; marked limitations communicating, performing effectively, and maintaining appropriate behavior in a work setting, setting goals, and planning independently; and moderate limitations understanding, remembering, and persisting in tasks by following detailed instructions, learning new tasks, and adapting to changes in a routine work setting.  AR 477-78.  Dr. Palasi reviewed and concurred with Dr. Weiss's assessment.  AR 453.

  Mr. Mills, Plaintiff's treating mental health counselor, provided a medical source statement on August 6, 2019, opining Plaintiff, among other things, had severe limitations maintaining attention and concentration for extended periods, working in coordination or proximity to others without being unduly distracted by them, interacting appropriately with the general public, asking simple questions or requesting assistance, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers without unduly distracting them or exhibiting behavioral extremes, and traveling to unfamiliar places or using public transportation; and marked limitations carrying out detailed instructions and responding appropriately to changes in the workplace setting.  AR 750-51.  Mr. Mills further opined Plaintiff would miss three days of work per month, due to an inability to "cope with depression," and would be off-task twenty-percent of an 8-hour workday.  AR 752.

1           The ALJ found these opinions "unpersuasive."  AR 59.  The ALJ first discounted these

2   opinions as inconsistent with Plaintiff's performance on mental status examinations in the

3   record.  AR 59-60.  However, Plaintiff's performance on mental status examinations – conducted

4   in a closed and sterile setting with psychiatric professionals – is not reasonably inconsistent with

5   the providers' opined limitations concerning, among other things, Plaintiff's ability to cope with

6   depression, tolerate workplace stressors, behave appropriately in a workplace setting, and remain

7   on task, as well as Plaintiff's absenteeism.  The ALJ accordingly erred by discounting these

8   opinions on this ground.

9           The ALJ also discounted these opinions as inconsistent with Plaintiff's activities.  AR 59.

10  The ALJ indicated Plaintiff, among other things, "reads, listens to audiobooks, and watches

11  television," and "[d]rives; shops in stores for groceries; prepares simple meals; and does

12  household chores, including dishes, laundry, and cleaning."  AR 58.  However, Plaintiff's

13  minimal activities are neither inconsistent with nor valid reasons to discount the providers'

14  opined limitations.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has

15  repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such

16  as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract

17  from her credibility as to her overall disability.  One does not need to be 'utterly incapacitated' in

18  order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick v.

19  Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized

20  that disability claimants should not be penalized for attempting to lead normal lives in the face of

21  their limitations."); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability

22  claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits); *see also

23  Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (noting, in the mental health context,

"[c]ycles of improvement and debilitating symptoms are a common occurrence," and instructing "[r]eports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of her symptoms") (cleaned up). Further, Plaintiff's minimal activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting these opinions on this ground.

Separately, the ALJ also discounted Mr. Mills' opinion because it was "based on the claimant's subjective reports." AR 60. The ALJ's finding is legally erroneous. The record indicates Mr. Mills' opinion was based on his clinical observations during the course of Plaintiff's treatment and does not indicate he found Plaintiff to be malingering. Therefore, there is no evidentiary basis for rejecting the opinion. *Cf. Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) ("The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology. Psychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry. Thus, the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness.") (cleaned up); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199–200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"). The ALJ accordingly erred by discounting Mr. Mills' opinion on this ground.

*2. Kimberly Wheeler, Ph.D.*

Dr. Wheeler examined Plaintiff on June 2, 2016, and opined Plaintiff had marked limitations communicating and performing effectively in a work setting and setting realistic goals and planning independently; and moderate limitations adapting to changes in a routine work setting, asking simple questions or requesting assistance, maintaining appropriate behavior in a work setting, and completing a normal workday and work week without interruptions from psychologically-based symptoms. AR 449.

The ALJ indicated Dr. Wheeler examined Plaintiff and summarized her findings, but failed to provide a reason for rejecting Dr. Wheeler's opined limitations. AR 59. The ALJ thus erred and the error is harmful because the RFC determination is silent as to Plaintiff's functioning in this regard. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

**B. The ALJ Erred by Discounting Plaintiff's Testimony**

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms he alleged and therefore was required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount his testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff alleged "he generally has trouble hearing people but that when he gets ear infections, his hears nothing at all[, which] creates conflict and makes him depressed." AR 57. The ALJ further indicated Plaintiff alleged "his impairments affect talking, hearing, understanding, following instructions, and getting along with others," and "when he is unable to hear for a few days, he 'shuts down socially,' which creates difficulties in maintaining

1 relationships." AR 57.  Plaintiff contends the ALJ erroneously discounted Plaintiff's testimony

2 concerning his mental impairments.  Dkt. 22 at 16-18.

3       The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence.

4 AR 241-42.  However, because the ALJ erred by misevaluating the medical evidence, as

5 discussed above, and the medical evidence must therefore be reevaluated, this is not a valid

6 ground to discount Plaintiff's testimony.

7       Next, the ALJ discounted Plaintiff's testimony as inconsistent with his activities.

8 Substantial evidence does not support this ground.  As discussed above, Plaintiff's activities do

9 not undermine his allegations.  The ALJ accordingly erred by discounting Plaintiff's testimony

10 on this ground.

11       Third, the ALJ discounted Plaintiff's testimony on the ground Plaintiff "has been

12 inconsistent in participating in mental-health treatment." AR 58.  The ALJ's finding is contrary

13 to Ninth Circuit precedent.  *See Nguyen v. Chater*, 100 F.3d, 1462, 1465 (9th Cir. 1996) ("'[I]t is

14 a questionable practice to chastise one with a mental impairment for the exercise of poor

15 judgment in seeking rehabilitation.'") (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th

16 Cir. 1989)).  Accordingly, the ALJ erred by discounting Plaintiff's testimony on this ground.

17       Finally, the ALJ discounted Plaintiff's testimony on the ground his "mental-health

18 condition is generally stable with treatment." AR 58.  The ALJ cites two exhibits, but fails to

19 specify what is meant by "generally stable" or which parts of the record are inconsistent with

20 Plaintiff's claims.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (noting the ALJ must

21 explain how the medical evidence contradicts the claimant's testimony).  Further, the ALJ's

22 unsupported finding is contrary to Ninth Circuit precedent.  *See Holohan v. Massanari*, 246 F.3d

23 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9

depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

### C. Scope of Remand

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be reweighed and the Court cannot perform this function in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Further, because the Court remands this case, it need not reach Plaintiff's argument concerning evidence submitted to the Appeals Council or Plaintiff's argument, raised for the first time on reply, concerning the constitutionality of the structure of the Social Security Administration. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

//

//

//

//

//

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should the reevaluate the opinions of Dr. Weiss, Dr. Palasi, Mr. Mills, and Dr. Wheeler, reassess Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 6th day of August, 2021.

S. KATE VAUGHAN
United States Magistrate Judge